# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-91V
Filed: August 30, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JAMES BOJAN, as parent of J.D.B.,   *
       *
     Petitioner,   *
    v.   *
       *     Attorneys' Fees and Costs; Reasonable
SECRETARY OF HEALTH   *     Amount to Which Respondent Does
AND HUMAN SERVICES,   *     Not Object
       *
     Respondent.   *
       *

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Kruger, Kruger & Hernandez SC, Baraboo, WI, for petitioner.*
*Glenn MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION GRANTING ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

      On January 29, 2015, James Bojan ("Mr. Bojan" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"), on behalf of his child, J.D.B., Petitioner alleged that J.D.B., developed idiopathic thrombocytopenic purpura ("ITP") as the result of a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine he received on or about January 27, 2012. *See generally* Petition ("Pet."), ECF No. 1. Respondent denied that the DTaP immunization was responsible for J.D.B.'s alleged injury; however, respondent elected to informally resolve this matter. *See* Stipulation for Award, filed July 13, 2016, ECF No. 33. On July 13, 2016, the undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision, ECF No. 34.

Petitioner now seeks an award of attorney's fees and costs in the amount of $23,946.29, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 35, at 4. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $400.00 in out-of-pocket expenses. Respondent filed a response to the petitioner's motion for fees on August 17, 2016. Response to Motion for Attorney's Fees ("Response), ECF No. 36. Respondent made no specific objections to petitioner's fee application, and stated that the amount of fees and costs sought was "not unreasonable." Response at 1. After careful consideration, the undersigned has determined to grant the request in full for the reasons set forth below.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Mr. Krueger has previously received the currently billed rate of $300 per hour, commensurate with his significant experience with the vaccine program. *See McNulty v. Sec'y HHS*, No. 13-489V, 2016 WL 4060689 (Fed. Cl. Spec. Mstr. June 30, 2016). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $23,946.29[3] as follows:**

- **A lump sum of $23,546.29, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mark Krueger; and**

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master